UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7568 ABC (PLAx) | Date | August 3, 2010 |
|---|---|---|---|
| Title | Law Offices of Eric Honig, APLC v. United States | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        ORDER STAYING CASE  (In Chambers)

On July 19, 2010, the Court held that Honig has an interest in the Seized Properties superior to any interest of the Government.  (Docket No. 70 at 5-9.)[1]  Because the Government has not actually taken those properties pursuant to its levies and the levies as written do not attach to Honig's interest in the Seized Properties, however, the Court also held that the levies were not "wrongful" within the meaning of the Internal Revenue Code and the Government was entitled to summary judgment on the wrongful levy claim.  (Docket No. 70 at 9-10.)  That ruling was premised on the facts as they currently exist.  "Of course, were the Government to actually levy upon the property in contravention of Honig's rights . . ., Honig would have a viable wrongful levy claim for which he may seek redress from this Court."  (Docket No. 70 at 10.)  Accordingly, the Court requested the parties to confer on whether the Court should stay this case pending resolution of DAS's and Optional's appeal, and distribution of the Seized Properties.  (Docket No. 70 at 11.)  The Court now concludes that the case should be stayed.

Honig requested that the Court issue judgment in his favor and an injunction prohibiting the Government from executing the levies on the Seized Properties.  (See Docket No. 73.)  Honig's request stems from his concern that, "if the order releasing the properties becomes enforceable, the IRS could then seek to prevent release of the properties to the Kim claimants/taxpayers so as to enforce its tax levies, and there is nothing stopping the IRS from taking over possession of all of the defendant seized funds from the possession of the Clerk of Court in that action."  (Docket No. 73 at 3 (emphasis omitted).)  Although not unsympathetic to Honig's concerns, the Court finds that Honig is sufficiently protected from such a scenario.

First, this Court has in rem jurisdiction over the Seized Properties in the related Forfeiture Action.  E.g., United States v. Approximately $1.67 Million (US) in Cash, 513 F.3d 991, 996 (9th Cir. 2008); see also United States v. Wingfield, 822 F.2d 1466, 1470-71 (10th Cir. 1987) (court has ancillary jurisdiction to adjudicate competing claims regarding distribution of property within its possession).

---

[1]  The capitalized terms used in this order, such as "Seized Properties," have the same meanings assigned by the Court in Docket No. 70 and United States v. Real Property Located at 475 Martin Lane, Beverly Hills, Cal., __ F. Supp. 2d ___, 2010 WL 2850870 (C.D. Cal. July 19, 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7568 ABC (PLAx) | Date | August 3, 2010 |
|---|---|---|---|

| Title | Law Offices of Eric Honig, APLC v. United States |
|---|---|

The parties have stipulated and this Court ordered that the Clerk generally cannot release the Seized Properties absent direction from this Court to do so. (Case No. 04-2788, Docket No. 497.)[2] Honig is an intervenor in that case. See 475 Martin Lane, 2010 WL 2850870 at *4. If the Government took possession of the Seized Properties in contravention of Honig's interest without an order from this Court, Honig could seek immediate relief in the Forfeiture Action by filing, for example, a request for an order to show cause why the Government should not be held in contempt. Similarly, assuming the Court issued a distribution order that particular funds go to Honig, interference by the Government with the execution of that order would also be grounds on which Honig could seek emergency relief.

      Second, as the Court is staying this case, if the Government took possession of the Seized Properties in contravention of Honig's interest without an order from this Court, Honig may seek emergency relief in this case arguing that circumstances exist such that he can make a showing of "wrongfulness."

      In short, the Court is not unsympathetic to Honig's concerns in light of the history of this case, but finds that his interests are sufficiently protected by staying this case. Accordingly, this case is hereby **STAYED** pending resolution of DAS's and Optional's appeal and distribution of the Seized Properties. In the event that the Government takes possession of the Seized Properties in contravention of Honig's interest in the interim, Honig may file on an emergency basis a request to lift the stay and for additional appropriate relief.

      **IT IS SO ORDERED.**

**CC: US MARSHALS/FISCAL/pat.burton@usdoj.gov**

                                                                                                    :

Initials of Preparer    AB

---

[2] "The Clerk shall assume custody of the defendants identified above on behalf of the Court, in place of the United States Marshal, and shall maintain custody of such defendants during the time they remain in custodia legis, pursuant to Local Admiralty Rule E.13(a). The Clerk shall maintain possession of such defendants in safe custody until such time that the Court orders the release or forfeiture of said defendants and said defendants are disposed of in accordance with Rule G(7)(c) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, or as otherwise allowed by law." (Case No. 04-2788, Docket No. 497 at 3-4.) That particular order covers roughly $4,000,000 in funds. To the extent the Government might argue that it is "otherwise allowed by law" to take the Seized Properties through its levy and/or offset right, that is belied by the fact that it concedes Honig's priority and the Court has ruled that Honig has priority. (See Docket No. 70 at 5-9.) The Government is not "otherwise allowed by law" to request the Seized Properties from the Court Clerk.